ALBERT MOORE, Judge of Probate,

*vs.*

SULLIVAN LOTHROP and others.

Somerset. Opinion June 21, 1883.

*Pleading. Declaration. Time. Amendment.*

In an action of debt on a bond to a judge of probate the declaration is defective if it does not allege the precise day on which the defendants became bound. Such a declaration is amendable.

On exceptions.

Debt on an administrator's bond to the judge of probate. The writ was dated February 15, 1882. The defendants' demurrer to the declaration was overruled, *pro forma*, and they alleged exceptions.

(Declaration.)

. . . "To answer unto Albert Moore, who is Judge of Probate, within and for said county of Somerset, in whose name and by whose express authority this action is brought, by and for the benefit of William Folsom, of Skowhegan, in said county of Somerset, in his capacity of administrator of the goods and estate, not already administered, which were of Thomas J. Adams, late of said St. Albans,. deceased, in a plea of debt, for that the said defts. at said Skowhegan, on the —— day of March, A. D. 1876, by their writing obligatory, of that date, sealed with their seals, and here in court to be produced, bound and acknowledged themselves indebted to one Edward Rowe, Judge of the Probate of wills, and granting administrations within and for the county of Somerset, in the full and just sum of three thousand dollars, to be paid to the said Rowe, or his successor in said office on demand, and the plaintiff avers that the said Albert Moore, is the successor of the said Edward Rowe, in said office of Judge of Probate of wills and of granting administrations within and for the county of Somerset. Yet the said defendants although often requested, the same have not paid but refuse, to the damage of the said plaintiff, (as he says) the sum of three thousand dollars, which shall then and there be made to appear with other due damages."

*E. N. Merrill,* for the plaintiff.

*D. D. Stewart,* for the defendants.

BARROWS, J. That the defendants bound themselves to the Probate Judge as alleged in the declaration, was a traversable fact, and the declaration is defective in not alleging the precise day on which they did it. *Platt* v. *Jones,* 59 Maine, 232, 241, and authorities cited; *Gilmore* v. *Mathews,* 67 Maine, 520;

*Gray* v. *Sidelinger*, 72 Maine, 114 ; Serjeant Williams says in note (3) to *Mellor* v. *Walker*, Williams' Saunders, vol. 2, p. 5*b*. that " if the day in the declaration be material as in an action upon a bond, bill of exchange, promissory note, and the like, the plaintiff, in his replication, cannot vary from the day without a departure. See as to parol contracts, *Little* v. *Blunt*, 16 Pick. 365. But notwithstanding this, the pleader need never be at a loss in declaring upon a probate bond whether it bears date of a specific day or not.

The obligors bind themselves on the day when the bond is accepted and approved by the Probate Judge, and the day on which his court was held at which the bond was presented and approved may always be ascertained by the record.

It will always be safe to allege that the obligors bound themselves on that day, if the descriptive allegations as to the date mentioned in the bond are carefully made conformable to the fact.

The *pro forma* ruling (probably made without seeing the papers) was erroneous, and the exceptions and demurrer must be sustained ; but the plaintiff may have leave to amend upon payment of costs according to the statute.

*Exceptions sustained.*

APPLETON, C. J., DANFORTH, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.